IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANIEL JOSEPH SHORES,            )
                                 )
           Petitioner,           )
                                 )
vs.                              )   NO. CIV-22-0059-HE
                                 )
CHAD DENNIS,                     )
                                 )
           Respondent.           )

## ORDER

Petitioner Daniel Shores, a state prisoner appearing *pro se*, filed this case seeking habeas relief pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Amanda Green for initial proceedings. Upon initial review, Judge Green determined that the petition was untimely. Accordingly, she issued a Report and Recommendation recommending that the petition be dismissed with prejudice. Petitioner has objected to the Report triggering *de novo* review.

In 2006, petitioner pled guilty to 45 counts of sexual abuse of a child. In 2021, petitioner filed an application for post-conviction relief then appealed his application prior to the district court ruling on the application. The Oklahoma Court of Criminal Appeals declined jurisdiction and dismissed the matter. The district court then denied his application. Petitioner did not appeal the denial. Rather, shortly thereafter, he filed his habeas petition arguing that the statute under which he was convicted is unconstitutional and that Oklahoma's post-conviction procedures have been rendered ineffective by officers of the State.

The Report concludes that the petition was filed outside the one-year limitations period established by AEDPA. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final on May 22, 2006. Therefore, the Report determined that his one-year limitations period expired on May 23, 2007. Further, Judge Green decided that none of the exceptions to § 2244(d)(1)(A) applies.

Petitioner contends that the factual predicate of his claims only became known when he appealed his unripe post-conviction application on December 14, 2021. He also argues that this is apparently when he learned that the statute under which he was convicted "was VOID-for-VAGUENESS and in direct violation of the Fourteenth Amendment."

The court agrees with the Report that petitioner's limitations period expired in 2007. The matters referenced in his objection do not plausibly lead to a different conclusion. Petitioner was not prevented by state action from filing a habeas petition, § 2244(d)(1)(B); no new constitutional right has been recognized by the Supreme Court and made retroactive, § 2244(d)(1)(C); nor has the factual predicate of petitioner's claims been recently uncovered, § 2244(d)(1)(D).

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #6]. The petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Dated this 20th day of July, 2022.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE